

CASTEL J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ESRA HANDE CUHRUK,                              09 Civ. 7187 (PKC)

                       Plaintiff,     :   **STIPULATION AND ORDER**
                                                   ·   **OF CONFIDENTIALITY**

          vs.

DEUTSCHE BANK SECURITIES, INC.,                 :

                    Defendant.     ·
------------------------------------------------------------ X

      **IT IS HEREBY STIPULATED AND AGREED** by Esra Hande Cuhruk ("Plaintiff")

and Deutsche Bank Securities Inc. ("Defendant") (collectively the "Parties"), through their

undersigned counsel, that the following provisions shall govern the treatment of documents and

information (including information conveyed by the Parties or their counsel in any

communication, whether written or oral) provided in connection with this case;

      1.     All documents and information produced by or obtained from any party in this

case, whether or not designated as Confidential, shall be used solely by the receiving party for

the purpose of prosecuting and/or defending the above-referenced action and shall in no way be

used in any other matter, dispute, or litigation.

      2.     The Parties may designate as Confidential any information that either party, in

good faith, believes contains or discloses confidential information, including, without limitation,

non-public, sensitive or financial information ("Confidential Information").  If written, the

Parties may designate Confidential Information by stamping each page thereof containing such

Confidential Information with the legend "Confidential" at the time of production.  Documents

produced by the Parties prior to the execution of this Stipulation of Confidentiality marked

"Confidential" shall be treated as Confidential Information.  Moreover, written information

disclosed between the Parties prior to the execution of this Stipulation of Confidentiality that is not marked "Confidential" may be designated Confidential Information by written notice indicating the identifiable Bates Stamp numbers of the documents. In the case of testimony, or other confidential information disclosed during the course of the case, whether on the record or in communications between counsel, the Parties may designate such information as Confidential by stating on the record that such testimony shall be Confidential, and/or by designating such information as Confidential in a written notice. Inadvertent failure to designate material as Confidential shall not be deemed a waiver of any claim of Confidentiality as to such material, and the same thereafter may be corrected by supplemental written notice. It is not a violation of this Confidentiality Stipulation to have disclosed information not previously designated as Confidential that is subsequently designated as Confidential by one of the Parties by written notice.

3.      Any copy or reproduction of documents containing Confidential Information, or documents that otherwise refer to Confidential Information also shall be treated as confidential in accordance with the provisions of this Stipulation. Any summary or description of documents containing Confidential Information, whether written or oral, shall also be treated as Confidential in accordance with the provisions of this Stipulation.

4.      Except with the prior written consent of the producing party or prior order of the Court, information designated Confidential may be disclosed by the receiving party only to the persons described in Paragraphs (a) through (g), below:

(a)      the United States District Court, Southern District of New York (and any appellate court);

(b)      the Equal Employment Opportunity Commission;

(c)     the court reporter(s) employed in this action;

(d)     counsel of record in this case (together with their legal assistants and clerical staff) and, where applicable, in-house counsel and Human Resources personnel with a need to know;

(e)     Plaintiff;

(f)     Defendant, including where applicable, Defendant's directors, officers, employees, insurers, and auditors with a need to know;

(g)     Witnesses whom the Parties reasonably believe to be relevant to the case, including consulting and testifying experts and expert witnesses, provided that documents shown to such witnesses are limited to those reasonably believed to be relevant to the witnesses' involvement in the case and provided that such witnesses agree to return or destroy all copies of any document containing Confidential Information.

5.      No documents or information designated as Confidential shall be filed in the public record of this matter without a prior good faith discussion between the Parties regarding efforts for maintaining the document's confidentiality, including, without limitation, application to the Court for filing the documents under seal. The party wishing to file Confidential Information under seal shall bear the burden of applying to the Court for permission to do so.

6.      No document or information designated as Confidential shall be submitted to the Equal Employment Opportunity Commission without a prior good faith discussion between the Parties regarding efforts to maintain the document's confidentiality, including, without limitation, application to the Commission for excluding such document or information from discovery under the Freedom of Information Act ("FOIA"). The party wishing to exclude

documents or information from discovery under FOIA shall bear the burden of applying to the Commission for such exclusion.

7.       For all information designated as Confidential, Counsel for the Parties agree to:

(a)      keep such information within their exclusive possession and control, except when Confidential Information is in actual use by a person authorized to use it pursuant to this Stipulation,

(b)      maintain and control the Confidential Information in such a manner as to prevent the disclosure of its contents to persons not so authorized by this Stipulation or to prevent an unauthorized use of the information by persons otherwise authorized to see the information; and

(c)      take reasonable steps to ensure that any such Confidential Information used by persons pursuant to this Stipulation be returned to Counsel or destroyed as soon as the information is no longer necessary to that person's participation in the case, notwithstanding paragraph 9 of this Stipulation.

8.       This Stipulation shall not be construed as a waiver by either party of any objections to production of documents, of any privilege recognized by law or of the right to challenge documents designated as Confidential as not being confidential and therefore not subject to the restrictions of this Stipulation.

9.       Within ninety (90) days of the conclusion of the captioned action—including any appeal—all documents, transcripts or exhibits and other tangible materials not on file with the Court which constitute, reproduce, or reflect any documents or information designated as Confidential (and all copies thereof) shall be returned to Plaintiff and Defendant, respectively, unless otherwise agreed by the Parties. All portions of summaries or other work product that

contain or reflect Confidential Information (and all copies thereof) shall be destroyed within

ninety (90) days of the conclusion of the captioned action and any appeals arising therefrom.

Upon request from either party, the retention period for Confidential Information in the

possession of counsel only will be extended to a maximum period of three (3) years for the sole

purpose of permitting the requesting party's counsel to defend itself against charges of

malpractice. Notwithstanding the foregoing, the Parties to this litigation will still be obligated to

return or destroy Confidential Information in their possession within ninety (90) days. The

conclusion of this case shall not relieve any person who has received Confidential Information

pursuant to this Stipulation from the obligation of maintaining the confidentiality of such

material and the information contained therein.

10.     Any party, at any time while the action is ongoing, may challenge the

Confidential designation of any document or information. Before seeking intervention from the

Court, however, the Parties will attempt to resolve any challenge in good faith. If no agreement

between the Parties is reached, the challenging party may apply to the Court for a ruling.

Pending a ruling by the Court, the documents/information for which the Confidential designation

is challenged shall retain the Confidential designation and the challenging party shall continue to

treat such documents/ information as confidential.

11     The Court shall have the power to enforce this Stipulation.

12.     Should any document or information provided pursuant to this Stipulation be

disclosed, released or used for any purpose in violation of the terms or intent of this Stipulation,

the Parties will be entitled to apply to the Court for declaratory or injunctive relief, in addition to

any remedy available at law, to redress violations of the terms hereof.

13.     If Confidential Information designated in accordance with the procedures of this Stipulation is disclosed to any person other than in the manner authorized by this Stipulation, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and, without prejudice to other rights and remedies of the provider, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.  In the event counsel learns of such disclosure through a privileged conversation, counsel's sole obligation shall be to identify the person to whom disclosure was made and the Confidential Information that was disclosed.

14.     This Stipulation may be modified by subsequent agreement of the Parties, but only in a written agreement signed by the Parties or their counsel.

15.     The foregoing is without prejudice to the right of any party hereto to apply to the Court for a lesser or further protective order relating to any document and/or information provided pursuant to this Stipulation, and/or to take whatever other steps reasonably necessary to safeguard Confidential Information.

16.     The provisions and terms of this Stipulation shall not terminate at the conclusion of this proceeding.

17.     Nothing herein shall prevent either party from making whatever use of its own Confidential documents and/or information that it or he wishes.

18.     This Stipulation may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, but shall become effective when such counterparts have been signed by each of the Parties' counsel hereto and delivered to the undersigned representatives of each of the Parties.  For purposes of the execution

of this document, faxed signatures shall be deemed to have the same effect as an original

signature.

19.     This Stipulation shall be governed by New York law.

Dated: New York, New York
        October 23, 2008

SIDLEY AUSTIN LLP                              LIDDLE & ROBINSON, L.L.P.


By: _____                    By: _____
        Cliff Fonstein                                  David Marek
        Joanne Seltzer

787 Seventh Avenue                              800 Third Avenue, 8th Floor
New York, New York 10019                        New York, New York 10022
(212) 839-5300                                  (212) 687-1505
Attorneys for Defendant                         Attorney for Plaintiff
        SUBJECT TO ADDENDOM

SO ORDERED:

_____
        U.S.D.J.

10-27-09